## IN THE COURT OF APPEALS OF IOWA

No. 15-0448
Filed June 10, 2015

IN THE INTEREST OF A.F. and P.F.,
Minor Children,

A.R., Mother,
       Appellant,

C.F., Father,
       Appellant.

_____

Appeal from the Iowa District Court for Polk County, Colin J. Witt, District Associate Judge.

A father appeals from the order terminating his parental rights. **AFFIRMED.**

Christine Bisignano, Windsor Heights, for mother.

Jacob L. Mason of J.L. Mason Law, P.L.L.C., Ankeny, and Lori Holm, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, John P. Sarcone, County Attorney, and Annie Fox Reynolds, Assistant County Attorney, for appellee State.

Nicole G. Nolan of the Youth Law Center, Des Moines, for minor children.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**PER CURIAM**

A father appeals the termination of his parental rights.[1] This record contains clear and convincing evidence supporting the termination of the father's parental rights pursuant to Iowa Code section 232.116(1)(h) (2013).[2] Upon our de novo review, *see In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014), we find that at the time the termination order was filed, the children were both under three years of age, had been adjudicated children in need of assistance and out of the father's custody for more than six months, and could not be returned safely to the father's care due to his on-going substance abuse, unresolved mental health issues, and erratic behavior,[3] which we need not catalog further here. The father himself testified he was "absolutely not" in a position to take custody of the children during the second day of the termination trial in February 2015, and only that it "could be possible" he would be able to care for them if a six-month extension were granted. The juvenile court concluded the father did not have the ability or willingness to commit to change if additional time was granted. We agree. Moreover, termination of his parental rights best provides for the long-term interests of the children, *see* Iowa Code § 232.116(2), and there is no statutory reason to avoid termination. *See id.* § 232.116(3). We therefore affirm.

**AFFIRMED.**

---

[1] The mother's appeal was dismissed by order of the supreme court on May 8, 2015.

[2] The father argues termination was not proper because the juvenile court did not terminate his parental rights pursuant to other paragraphs of section 232.116(1). This argument is without merit. To affirm, we need only find clear and convincing evidence supports one ground relied upon by the juvenile court, *see In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010), and there is clear and convincing evidence the children would be at risk of adjudicatory harm if returned to the father at present.

[3] We note the juvenile court found, "[The father] may be and likely is battling mental illness, but he truly presented himself as nothing short of a menace in this case."